UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC NETSOFT, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SKILLSOURCE LEARNING PARTNERS, LLC, et al.,<br><br>    Defendants. | Case No. 3:19-cv-03808-JD<br><br>**PRELIMINARY INJUNCTION**<br>Re: Dkt. No. 19 |

This order arises out of plaintiff Pacific NetSoft's (d/b/a Clarity Consultants) efforts to protect its trade secrets. Dkt. No. 1. Defendants are former employees and the company they recently started, SkillSource Learning Partners. Clarity contends defendants took trade secrets and are now using protected customer information to solicit Clarity's potential and current clients. Both companies run staffing services to place learning and training consultants with businesses.

The Court finds that Clarity has raised a serious question about defendants' seizure of trade secrets and the irreparable harm that might result if defendants are permitted to use the information at the heart of this dispute. A preliminary injunction is warranted to maintain the status quo.

The governing standards for preliminary relief are well-established. Preliminary injunctions are "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest." *Id.* at 20; *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (same). In our circuit, a plaintiff may also obtain a preliminary injunction

under a "sliding scale" approach by raising "serious questions" going to the merits of plaintiff's claims and showing that the balance of hardships tips "sharply" in his or her favor. *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018); *Vanguard Outdoor, LLC v. City of L.A.,* 648 F.3d 737, 739-40 (9th Cir. 2011).

Under either inquiry, Clarity is entitled to preliminary relief. The facts adduced by Clarity and largely uncontroverted by defendants, are enough at this stage to indicate that defendants took customer contracts, at least portions of a customer database, and similar materials from Clarity, and that they may use the materials to acquire clients in competition against Clarity. Dkt. No. 25 at 18-19. Customer information of this sort may constitute trade secrets because of the substantial economic value that is derived therefrom. *See MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 521 (9th Cir. 1993).

Clarity has also made a sufficient showing that defendants' use of trade its secrets would cause it irreparable harm. "Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001) (citation omitted). In sealed filings, Clarity has indicated that it may have lost a particular prospective client because of defendants' use of its trade secrets. Additionally, Clarity contends that defendants have used trade secrets to solicit current Clarity clients.

While the Court does not make a final determination here, the weight of these questions is more than enough to establish a likelihood of success on the claim that defendants have taken Clarity's trade secrets and that irreparable harm may result. For similar reasons, the balance of equities tips sharply in Clarity's favor, and a preliminary injunction serves the public interest of protecting trade secrets.

Consequently, the Court enters the following preliminary injunction:

Defendants, their attorneys, subsidiaries, successors, assigns, officers, servants and employees, and persons in active concern or participation with defendants who have actual notice of this order (collectively, the "Enjoined Parties"), are enjoined from using any materials they

2

acquired from plaintiff, including, but not limited to, customer lists or information, contracts, forms and other documents.

Clarity is not required to post a bond. While Federal Rule of Civil Procedure 65(c) generally requires a movant to deposit a security before a preliminary injunction issues, the Court has "discretion as to the amount of security required, if any." *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999). In light of defendants' agreement to forego a bond, the bond is waived. Dkt. No. 29; *see also Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." (citation omitted)).

**IT IS SO ORDERED.**

Dated: August 21, 2019

JAMES DONATO
United States District Judge